IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 02-173-11 |
| SALVADOR ZAVALA | : | |
| | : | |

<u>**MEMORANDUM**</u>

**SURRICK, J**                                                                                           **JULY 30, 2024**

Presently before the Court is Defendant Salvador Zavala ("Defendant" or "Zavala")'s *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 363.) Zavala seeks a sentence reduction based on Amendment 821 to the United States Sentencing Commission Sentencing Guidelines ("Sentencing Guidelines"). For the following reasons, Defendant's Motion will be denied.

I.     **BACKGROUND**

On August 15, 2002, Defendant was charged, along with ten co-conspirators, with conspiracy to distribute and possess with the intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841. (ECF No. 88.) Defendant was also charged with two counts of possessing and aiding and abetting the possession with the intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841. (*Id.*) On April 16, 2003, Defendant entered a plea of guilty to these charges. (ECF Nos. 155, 156.) In the plea agreement, the Government and Defendant agreed that the Defendant was responsible for the distribution and/or the possession with intent to distribute of at least 8,320 pounds of marijuana, or 3,773.95 kilograms, during the period of the conspiracy. (Sept. 27, 2022 Presentence Investigation Report ("PSR"), ¶¶ 7, 25, 32.)

Defendant was in federal custody for approximately a year between October 1, 2002, when he was arrested, and October 17, 2003, when he was released on bail, which included electronic monitoring and travel restrictions. (Opp'n, ECF No. 364, at 1; ECF No. 178.) Defendant initially complied with the conditions of his pretrial release, and he appeared for his guilty plea in April 2003. (ECF No. 178.) However, on June 9, 2003, the U.S. Pretrial Services Office was notified that Defendant had apparently removed his electronic monitoring bracelet and that his whereabouts were unknown. (PSR, ¶ 9; ECF No. 178.) The U.S. Pretrial Service Office did not find Defendant when they visited his house on June 10, 2003. (PSR, ¶ 9; ECF No. 178.) Defendant's bail was revoked, and a bench warrant was issued. (PSR, ¶ 9; ECF No. 178.) Defendant was not detained for over 19 years, when he was arrested at the Hidalgo, Texas point of entry into the United States on July 23, 2022. (PSR, ¶ 19.)

On January 24, 2023, Defendant was sentenced to a term of 60 months in prison and three years of supervised release. (ECF No. 362.) Defendant's prior criminal history consisted of a single conviction for harassment in 1999 involving a domestic dispute. (*Id.*; PSR., ¶ 42.) Accordingly, Defendant was given a single criminal history point and placed in criminal history category I. (PSR, ¶¶ 42-44.)

As set forth in the Presentence Investigation Report, the Probation Office determined that Defendant had a base offense level of 32 based on the quantity of drugs involved in the offense. (PSR ¶¶ 25, 30-32; Opp'n at 3.) Defendant received a two-point reduction in the offense level under U.S.S.G. § 2D1.1(b)(17) because he satisfied the criteria for relief in U.S.S.G. 5C1.2 and 18 U.S.C. 3553(f), commonly referred to as the "safety valve" provision. (PSR, ¶ 33; Opp'n at 3.) Because Defendant tampered with his electronic monitoring bracelet and evaded arrest for 19 years, he received a two-level enhancement for his fugitive status. (PSR, ¶¶ 27, 36; Opp'n at 3.)

After these adjustments, Defendant's total offense level was 32.  (PSR, ¶ 40.)  Based on his offense level and criminal history, the Sentencing Guideline range was 121 to 151 months.  (*Id.*, ¶ 92.)  Even though he was subject to a mandatory minimum penalty of 120 months, the Court was not required to impose this penalty because Defendant met the safety valve criteria in Section 3553(f).  (Opp'n at 3.)  At sentencing, the Court adopted the guideline range in the PSR, but varied from it after considering mitigating factors under 18 U.S.C. § 3553(a).  (*Id.*)  Defendant was sentenced to a term of imprisonment of 60 months and three years of supervised release.  (ECF No. 362.)

## II.     LEGAL STANDARD

A district court generally may not modify a term of imprisonment after it has been imposed, but it may do so when the adopted sentencing range has been lowered by the Sentencing Commission after the sentence is final and the Commission makes the Sentencing Guideline amendment retroactive.  18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 821 (2010).  To evaluate whether a defendant is entitled to a sentence reduction due to a modification of the Sentencing Guidelines, "the Court: (1) determines the defendant's eligibility for a reduced sentence and calculates their amended Guidelines range if they are eligible; and (2) considers any applicable [18 U.S.C. §] 3553(a) factors" and determines whether the reduction is warranted under the circumstances of the case.  *United States v. Banks*, No. 19-431-3, 2024 WL 919835, at *1 (E.D. Pa. Mar. 4, 2024) (citing *Dillon*, 560 U.S. at 826-27).  In determining eligibility for a reduced sentence, courts must follow the instructions provided by Section 1B1.10 of the Sentencing Guidelines.  *Id.*

### III. DISCUSSION

Defendant argues that he is entitled to a sentence reduction under U.S.C. § 3582(c)(2) and the amended sentencing guideline U.S.S.G. § 4C1.1. (Mot. at 1-2.) The Government contends that Defendant is not eligible for a reduction in sentence due to his prior criminal history. (Opp'n at 6-7.) The Government further asserts that, even if Defendant satisfied the requirements of U.S.S.G. § 4C1.1, his sentence falls below the lower range of the revised guideline, and Defendant is therefore not eligible for a sentence reduction. (*Id.* at 7.)

We agree with the Government that Defendant is not eligible for a reduction in sentence under Amendment 821 because he has one criminal history point. Even if he qualified as a zero-point offender under Amendment 821, Defendant would not be entitled to relief because a retroactive application of the amendment would not lower his applicable guideline range.

The Sentencing Commission issued Amendment 821, effective November 1, 2023, which changes the way criminal history status points are calculated. *Banks*, 2024 WL 919835, at *1. Part B of Amendment 821, under which Defendant seeks relief, allows courts to decrease a defendant's total offense level by two if they qualified as a "zero-point offender" when they were sentenced. U.S.S.G. § 4C1.1(a)(1); *see also Banks*, 2024 WL 919835, at *1. To qualify as a zero-point offender, a defendant must not have "receive[d] any criminal history points" at the time of their sentencing. U.S.S.G. § 4C1.1(a)(1). In addition, they must meet all of the following criteria:

> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;

4

>(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

U.S.S.G. § 4C1.1. Amendment 821 applies retroactively. *Banks*, 2024 WL 919835, at *1 (citing U.S.S.G. § 1B1.10(a)(1), (d)).

The Sentencing Commission implemented this Amendment after studying recidivism rates of "zero-point offenders" as compared to all other groups of offenders. U.S.S.G. § 4C1.1(a) at Subpart 1. An analysis of the Commission found that "'zero-point offenders" were less likely to be rearrested than "one point" offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category. *Id*. (citing U.S Sent'g Comm'n, *Recidivism of Federal Offenders Released in 2010* (2021), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210930_Recidivism.pdf). The requirement that defendants must have no criminal history points to avail themselves of this Amendment reflects the Sentencing Commission's policy objective of providing reduced sentences to "zero-point offenders" due to this group's documented history of lower recidivism rates. *See Id*. As a result, even one criminal history point renders a defendant ineligible for a reduction in sentence under U.S.S.G. § 4C1.1. Because Defendant has one criminal history point, resulting from a 1999 guilty plea for harassment, he is not eligible for a sentence reduction under this Guideline amendment.

Moreover, even if this Court could reduce Defendant's sentence under Amendment 821, the reduction is inapplicable as Defendant was sentenced below the revised Sentencing

Guideline.  A sentence may only be reduced if it is "consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C § 3582.  "If a retroactive amendment to the Guidelines 'does not have the effect of lowering the defendant's applicable guideline range,' a reduction in the defendant's sentence is inconsistent with the Commission's policy statements and therefore not authorized by Section 3582(c)(2)."  *Banks*, 2024 WL 919835, at *1 (*quoting* U.S.S.G. § 1B1.10(a)(2)(B)).

At sentencing, the Court adopted the Sentencing Commission's recommended range of 121-151 months but considered mitigating factors under U.S.C. § 3553(a) and sentenced Defendant to a term of 60 months in prison.  (PSR, ¶ 92; Opp'n at 3.)  Here, a two point reduction in the offense level would lead to a sentencing range of 97-121 months.  *See* U.S.S.G. Chapter 5, Part A; (Opp'n at 8.)  Because under U.S.S.G. § 1B1.10(b)(2)(A) a court shall not reduce a sentence "to a term that is less than the minimum of the amended guideline range," and Defendant's sentence of 60 months is below the amended guideline range of 97 months, this Court cannot reduce Defendant's sentence even if Amendment 821 applied to him.  *See United States v. Perez*, No. 20-69, 2024 WL 246026, at *2 (E.D. Pa. Jan. 22, 2024).

IV.   CONCLUSION

For the foregoing reasons, Defendant's *pro se* Motion will be denied.  An appropriate Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**